IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
U.S. DISTRICT COURT
DISTRICT OF KANSAS

JAN 26   9 54 AM '06

RALPH L. DELOACH
CLERK
BY _____,DEPUTY
AT WICHITA, KS.

UNITED STATES OF AMERICA,          }
                                   }
            Plaintiff,             }
                                   }
    v.                             }      No.  05-10229-01-JTM
                                   }
GARY L. CRISP,                     }
                                   }
            Defendant.             }

## PLEA AGREEMENT

The United States of America, by and through Assistant United States Attorney, Debra L.

Barnett, and Gary L. Crisp,  the defendant, personally and by and through defendant's counsel,

David J. Freund, Assistant Federal Public Defender, hereby enter into the following plea

agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure:

1.      **Defendant's Guilty Plea.**    The defendant agrees to plead guilty to Counts one

and three of the Indictment charging a violation of Title 18, United States Code, §§ 2422(b) and

2253, that is, attempting to entice a minor to engage in sexual activity and criminal forfeiture.  By

entering into this plea agreement, the defendant admits to knowingly committing these offenses,

and to being guilty of these offenses.  The defendant understands that the maximum sentence

which may be imposed as to Count one of the Indictment to which the defendant has agreed to

plead guilty is not less than five years and not more than 30 years of imprisonment, a

$250,000.00 fine, not more than five years of supervised release, no restitution and a $100

mandatory special assessment.  The defendant understands that the sentence which may be

imposed as to Count three of the Indictment to which the defendant has agreed to plead guilty is

the forfeiture of the property identified in the Indictment. The United States agrees that at the

time of sentencing it will move for dismissal of Count two of the Indictment.

2. **Factual Basis for the Guilty Plea.** The parties agree the facts constituting the

offense to which the defendant is pleading guilty are as follows:

> On and before November 18, 2005, in the District of Kansas and elsewhere, the
> defendant, Gary L. Crisp, engaged in conversations with someone he believed to
> be a 13 year old girl. These conversations occurred through a computer in the
> defendant's home via the Internet. At the time of these conversations the
> defendant resided in the District of Kansas.
>
> During these conversations the defendant told the 13 year old girl that he wanted to meet
> her and engage in sexual activity with her the following Monday. The defendant made
> arrangements for the 13 year old girl to skip school and meet him at a designated place on
> November 21, 2005.
>
> The 13 year old girl the defendant was chatting with was actually an undercover FBI Task
> Force agent. When the defendant arrived at the designated location, he was arrested by
> FBI agents. Thereafter, the defendant was advised of his constitutional rights. The
> defendant waived these rights and agreed to talk with the agents about his activities.
> Initially, the defendant denied that he was going to have sex with the 13 year old girl he
> arranged to meet. However, as the interview progressed the defendant eventually
> admitted that he was going to have sex with the girl if she wanted to engage in this
> activity.
>
> The defendant admits that his use of the computer herein constituted using a facility and
> means of interstate commerce and that he could have been charged for this conduct with a
> criminal offense under the laws of the state of Kansas.
>
> The computer used by the defendant in these unlawful activities is best described as a
> Gateway CPU, model number MFATXNINNMZRW1800CCEL, serial number
> 0029100976. The defendant further admits that this computer was used and intended to
> be used to commit and promote the commission of the offense described and pled guilty
> to in count one of the Indictment.

3. **Application of the Sentencing Guidelines.** The parties request that the United

States Sentencing Guidelines (Guidelines) be applied by the Court to calculate the applicable

sentence in this case and that a sentence consistent with the Guidelines be imposed by the Court.

The defendant further waives any right to have facts that determine the offense level under the Guidelines alleged in an indictment and found by a jury beyond a reasonable doubt; agrees that facts that determine the offense level will be found by the Court at sentencing by a preponderance of the evidence and agrees that the Court may consider any reliable evidence, including hearsay; and the defendant agrees to waive all constitutional challenges to the validity of the Guidelines. The parties further agree to request a sentence within the guideline range determined to be appropriate by the U.S. Probation Department. In other words, the United States will not request a sentence in excess of the high end of the guideline range and the defendant will not request a sentence below the low end of the guideline range. The parties understand this agreement binds the parties only and does not bind the Court.

4.    **Relevant Conduct.**    The parties have agreed to the application of the Guidelines and therefore both the United States and the defendant understand that the conduct charged in any dismissed counts of the indictment is to be considered as relevant conduct for purposes of calculating the offense level for Count one, in accordance with United States Sentencing Guidelines (U.S.S.G.) § 1B1.3.

5.    **Government's Agreements.**    In return for the defendant's plea of guilty as set forth herein, the United States Attorney for the District of Kansas agrees:

a.    To not file any additional charges against the defendant arising out of the facts forming the basis for the present Indictment;

b.    To recommend a sentence at the low end of the applicable guideline range;

c.    To recommend the defendant receive a two (2) level reduction in the applicable offense level under U.S.S.G. § 3E1.1 for acceptance of responsibility. In addition, the United States will move at the time of sentencing for the defendant to receive an additional one (1) level

3

reduction for acceptance of responsibility because the defendant timely notified the government of his intention to enter a plea of guilty. However, the government's obligation concerning acceptance of responsibility is contingent upon the defendant's continuing manifestation of acceptance of responsibility as determined by the United States.  If the defendant denies or gives conflicting statements as to his involvement, falsely denies or frivolously contests relevant conduct that the court determines to be true, willfully obstructs or impedes the administration of justice as defined in U.S.S.G. § 3C1.1 (or willfully attempts to do so), or engages in additional criminal conduct, the United States reserves the right to withdraw this recommendation without breaching this agreement;

d.  To not request an upward departure from the applicable sentencing guideline range if the defendant agrees not to request a downward departure.

In the event the defendant breaches or violates this plea agreement or otherwise fails to adhere to its terms, the United States shall not be bound by this paragraph and may pursue any additional charges arising from the criminal activity under investigation as well as any perjury, false statement, or obstruction of justice charges which may have occurred

6.  **Sentence to be Determined by the Court.**  The defendant understands that the sentence to be imposed will be determined solely by the United States District Judge.  The United States cannot and has not made any promise or representation as to what sentence the defendant will receive.

7.  **Withdrawal of Plea Not Permitted.**  The defendant understands that if the court accepts this plea agreement but imposes a sentence with which the defendant does not agree, the defendant will not be permitted to withdraw this plea of guilty.

8.  **Payment of Special Assessment.**  The defendant understands that a mandatory special assessment of $100 per count of conviction will be entered against the defendant at the time of sentencing.  The defendant agrees to deliver payment to the clerk of the court in the

4

appropriate amount no later than the day of plea. If the defendant fails to make full payment of the special assessment the United States will no longer be bound by the provisions contained in Section 4(b) of this agreement. The burden of establishing an inability to pay the required special assessment lies with the defendant.

9.      **Waiver of Appeal and Collateral Attack.**    Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)] and a motion brought under Title 18, U.S.C. § 3582(c)(2). In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court. However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received as authorized by Title 18, U.S.C. § 3742(a).

10.      **Waiver of FOIA Request.**    The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without

limitation, any records that may be sought under the Freedom of Information Act, Title 5, U.S.C. § 552, or the Privacy Act of 1974, Title 5, U.S.C. § 552a.

11.    **Full Disclosure by United States.**   The defendant understands the United States will provide to the court and the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case.  This may include information concerning the background, character, and conduct of the defendant including the entirety of the defendant's criminal activities.  The defendant understands these disclosures are not limited to the count to which the defendant has pled guilty.  The United States may respond to comments made or positions taken by the defendant or defendant's counsel and to correct any misstatements or inaccuracies.  The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement.  The defendant also has the right to provide information concerning the offense and to make recommendations to the court and the United States Probation Office.

12.    **Parties to the Agreement.**   The defendant understands this plea agreement binds only the defendant and the United States Attorney for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

13.    **No Other Agreements.**   The defendant has had sufficient time to discuss this case, the evidence, and this agreement with the defendant's attorney and defendant is fully satisfied with the advice and representation provided by defendant's counsel.  Further, the defendant acknowledges that he has read the plea agreement, understands it and agrees it is true and accurate and not the result of any threats, duress or coercion.  The defendant further understands that this plea agreement supersedes any and all other agreements or negotiations

between the parties, and that this agreement embodies each and every term of the agreement

between the parties.  The defendant acknowledges that the defendant is entering into this

agreement and is pleading guilty because the defendant is guilty and is doing so freely and

voluntarily.


Date: Y/20/00

Debra L. Barnett
Assistant U.S. Attorney
U.S. Attorney's Office
301 N. Main, Suite 1200
Wichita, Kansas 67202
316-269-6481
Ks.S.Ct. #12729


Date: 1/26/06

Lanny D. Welch
Criminal Chief/Supervisor


Date: 1-26-06

Gary L. Crisp
Defendant


Date: 1-26-2006

David J. Freund
Attorney for Defendant Gary L. Crisp
Federal Public Defender's Office
301 N. Main, Suite 850
Wichita, Kansas 67202
316-269-6445
Ks.S.Ct.#17736